IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00312-MR-WCM

| | | |
|---|---|---|
| VLADIMIR ALEXEYEVICH ZALAKOV, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND RECOMMENDATION |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

## I. Procedural Background

In January of 2023, Vladimir Alexeyevich Zalakov ("Plaintiff") filed an application for supplemental security income. Transcript of the Administrative Record ("AR") 214-223. Plaintiff alleges disability beginning October 14, 1997. AR 214.

On September 26, 2024, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 14-35. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairment of hearing loss with cochlear implant. AR 20. After determining that Plaintiff's impairment did not meet or medically equal any of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels except he should avoid even moderate exposure to moderate noise, as defined by code 3 in the Supplemental Characteristics of Occupations (SCO) (i.e., limited to "department or grocery store" level of noise). He should avoid even moderate exposure to vibration and hazards. Job tasks should not involve the use of telephones or the need for more than occasional conversation, which conversation should be face-to-face. The claimant is able to understand, remember and carry out simple instructions, use judgment to make simple work-related decisions, and adapt to occasional changes in a routine work-setting. He is able to maintain concentration and persistence for at least two hours at a time throughout an eight hour workday with regular breaks. He is limited to no direct interaction with the public (public may be present, but job tasks should not require interaction to perform). He is able to have occasional interaction with co-workers and supervisors.
>
> AR 24-25.

Applying this RFC, the ALJ found that Plaintiff could perform certain jobs, specifically, the representative occupations of garment sorter, marking clerk, and cleaner, such that Plaintiff was not disabled. AR 30-31.

## III. Plaintiff's Allegation of Error

Plaintiff contends that the ALJ failed to resolve an apparent conflict between the restriction that Plaintiff "avoid even moderate exposure to moderate noise" and the jobs of garment sorter, marking clerk, and cleaner.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505(a); 416.905(a). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a

federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Discussion

The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles identifies five levels of noise exposure: very quiet, quiet, moderate, loud, and very loud. Examples of a "moderate" noise level include a "business office where type-writers are used," a department store or grocery store, light traffic, and a "fast food restaurant at off-hours." Appendix D. Environmental Conditions, SCODICOT Appendix D. Examples of a "quiet" noise level are a library, "many private offices," a funeral reception, golf course, or art museum. Id.

Here, the ALJ determined that Plaintiff "should avoid *even moderate exposure to moderate noise*, as defined by code 3 in the Supplemental Characteristics of Occupations (SCO) (i.e., limited to "department or grocery store" level of noise)." AR 24 (emphasis added).

The jobs identified by the ALJ, though, all involve a noise level of "3 – Moderate." DICOT 222.687-014, 1991 WL 672131 (Garment Sorter); DICOT 209.587-034, 1991 WL 671802 (Marker); DICOT 323.687-014, 1991 WL 672783 (Cleaner, Housekeeping).

Accordingly, an apparent conflict exists between Plaintiff's RFC (which seems to preclude exposure to moderate noise) and the jobs identified by the vocational expert and ultimately relied upon by the ALJ (which involve exposure to moderate noise).

The Commissioner argues, though, that "[a] plain reading of the ALJ's decision" does not indicate that the ALJ "was considering a noise level of '2' or 'quiet'" as the appropriate level of noise Plaintiff could tolerate. Doc. 8 at 3.

In developing Plaintiff's RFC, the ALJ stated that "as endorsed by the State agency, [Plaintiff's] ability to hear in office settings, at proceedings before the undersigned, and while shopping or driving indicate the capacity to function in a moderately noisy environment, formally classified at Level 3 in the SCO and comparable to the ambient sound in department or grocery stores." AR 26. Similarly, the ALJ concluded that Plaintiff's medical records reflected a "lack of prohibitive problems hearing and communicating in stores, medical offices, at hearing, or while shopping and driving." AR 30. These statements seem to support the Commissioner's position that the ALJ stated

that Plaintiff could tolerate moderate noise and was not restricted to a work environment with a quiet noise level.

However, it also appears that the ALJ intended to impose functional restrictions consistent with those found by the state agency consultants, who concluded that "a restriction to environmental limitations of *avoidance of even moderate exposure to noise*, vibration and hazards" was appropriate. AR 68; 79 (emphasis added). Yet, the ALJ also indicated that a limitation to a "moderate noise environment" was appropriate:

> Additionally, though correct in providing a limitation for noise exposure, the State's accommodation is vocationally insufficient or incomplete, as recommended "avoidance of even moderate exposure to noise" provides qualitative, but not quantitative instruction. Consequently, in accordance with the Supplemental Characteristics of Occupations, as statutorily recognized by DI 25001.001, the undersigned has further stipulated no more than a moderate noise environment comparable to regular retail business settings. This election not only provides greater protection to the claimant through specificity, but facilitates more accurate assessment of available jobs by the vocational expert.
>
> AR 27.[1]

Finally, when discussing potential noise limitations with the vocational expert during Plaintiff's administrative hearing, the ALJ appeared to impose

[1] It is not clear whether a "moderate exposure to noise" is equivalent to a "moderate" level of noise.

a limitation that the hypothetical individual "avoid even moderate exposure to noise" but defined that limitation as "basically at or below department store level," AR 58, which as discussed above is understood to be in the moderate range. And the vocational expert did not clarify whether the hypothetical individual was limited to a noise level of less than moderate.

Under these circumstances, the undersigned finds that the ALJ's decision is unclear with respect to the level of noise the ALJ determined to be appropriate. See Pickens v. Saul, No. 1:18CV27, 2019 WL 4140848, at *5 (M.D.N.C. Aug. 30, 2019) ("Here, because no explanation was provided to account for the apparent conflict in noise levels, substantial evidence fails to support the ALJ's findings at steps four and five of the sequential analysis."); Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023) ("ALJs must build an accurate and logical bridge from the evidence to their conclusions.") (quoting Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 94 (4th Cir. 2020) (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)); Martinez v. Comm'r of Soc. Sec., No. 5:22-CV-00170-SCR, 2023 WL 4488853, at *3 (W.D.N.C. July 12, 2023) ("the Court finds here that the ALJ's RFC contains unresolved internal conflicts preventing meaningful judicial review."); see also Pearson v. Colvin, 810 F.3d 204, 210 (4th Cir. 2015) ("An ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the

Dictionary. Nor has the ALJ fulfilled this duty if he ignores an apparent conflict because the expert testified that no conflict existed.”).

## VI. Recommendation

The undersigned therefore **RESPECTFULLY RECOMMENDS** that the Commissioner’s decision be **VACATED** and that this matter be **REMANDED** for further administrative proceedings.

Signed: August 26, 2026

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).